IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No.
) (18 U.S.C. § 1343)
JASON SHEPPARD )

## INDICTMENT

The grand jury charges:

### THE SCHEME AND ARTIFICE

1. From in or around October 2009, and continuing thereafter until in or around January 2010, in the Western District of Pennsylvania and elsewhere, the defendant, JASON SHEPPARD, devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises were false and fraudulent when made.

2. It was part of the scheme and artifice to defraud that the defendant, JASON SHEPPARD, operated a company called TruClose Financial Services that specialized in closing real estate transactions.

3. It was further a part of the scheme and artifice to defraud that the TruClose Financial Services was required, pursuant to the settlement statements, to pay off certain obligations associated with the properties serving as collateral for the loans, but, as the defendant, JASON SHEPPARD, then well knew, TruClose failed to pay some of those obligations.

4. It was further a part of the scheme and artifice to defraud that the defendant, JASON SHEPPARD, diverted money from the accounts of TruClose Financial Services for his personal benefit, which, as he then well knew, caused TruClose Financial Services to fail to meet the financial obligations that TruClose Financial Services was representing to the lending institutions that it was paying.

5. It was further a part of the scheme and artifice to defraud that the defendant, JASON SHEPPARD, caused the execution of settlement statements by representatives of TruClose Financial Services that, as the defendant, JASON SHEPPARD, then well knew, falsely represented that the settlement statements were a true and accurate account of the funds which were received and had been or would be disbursed as part of the settlement of the transactions.

6. It was further a part of the scheme and artifice to defraud that the defendant, JASON SHEPPARD, rather than paying obligations associated with the properties serving as collateral for the loans, used some of the funds for his own personal benefit.

COUNTS ONE - FIVE

THE WIRE COMMUNICATIONS

7. The allegations set forth in paragraphs One through Six of this Indictment are incorporated herein as if set forth in full.

8. On or about the dates set forth below, in the Western District of Pennsylvania, the defendant, JASON SHEPPARD, for the

purpose of executing and attempting to execute the scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce, by means of a wire communication, the following signs and signals, each such interstate wire transmission representing a separate count:

| Count | Date | Description of Wire |
|---|---|---|
| One | December 14, 2009 | Wire transfer in the approximate amount of $107,866.59 from the account of a lending institution known to the grand jury sent from outside the Commonwealth of Pennsylvania to the First Niagra Bank account of True Close Financial located in Pittsburgh, Pennsylvania |
| Two | December 18, 2009 | Wire transfer in the approximate amount of $271,501.82 from the account of a lending institution known to the grand jury sent from outside the Commonwealth of Pennsylvania to the First Niagra Bank account of True Close Financial located in Pittsburgh, Pennsylvania |
| Three | December 21, 2009 | Wire transfer in the approximate amount of $98,760.11 from the account of a lending institution known to the grand jury sent from outside the Commonwealth of Pennsylvania to the First Niagra Bank account of True Close Financial located in Pittsburgh, Pennsylvania |
| Four | December 30, 2009 | Wire transfer in the approximate amount of $303,814.57 from the account of a lending institution known to the grand jury sent from outside the Commonwealth of Pennsylvania to the First Niagra Bank account of True Close Financial located in Pittsburgh, Pennsylvania |

| Count | Date | Description of Wire |
|-------|------|---------------------|
| Five | January 6, 2010 | Wire transfer in the approximate amount of $48,224.13 from the account of a lending institution known to the grand jury sent from outside the Commonwealth of Pennsylvania to the First Niagra Bank account of True Close Financial located in Pittsburgh, Pennsylvania |

All in violation of Title 18, United States Code, Section 1343.

A True Bill,

*[signature]*
FOREPERSON

*[signature]*
ROBERT S. CESSAR
Acting United States Attorney
PA ID No. 47736