IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SHEPPARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civ. No. 13-1667 |
| vs. ) | Crim. No. 10-119 |
| ) | |
| UNITED STATES OF AMERICA. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

On March 5, 2014, we issued a Memorandum Opinion and Order denying Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. §2255 and granting the Government's Motion to Dismiss [ECF #82]. Thereafter, on March 6, 2014, we received in the mail from Petitioner a letter dated March 3, 2014 and a "Motion to Supplement Federal Habeas Corpus 2255 Motion." We instructed the Court of Clerk to file the two (2) documents and are treating Petitioner's motion as a Motion for Reconsideration of our decision to deny Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. §2255 and to grant the Government's Motion to Dismiss.

In his Motion, Petitioner explains that "[o]n or about 11/2011, approximately 3 months after Sheppard's change of plea hearing held on 8/11/2011, Sheppard wrote his honor a letter. This letter was in response to his paid counsel Gary Evan Gerson abruptly quitting said case. This letter specifically stated that Gerson never counseled Sheppard, that Gerson did not explain nor calculate relevant conduct and neglected to share Sheppard's case discovery with him." Motion, p. 2. Thus, he contends, this "new evidence" supports his ineffectiveness of counsel claims in that:

> Sheppard's letter to [the Court] is proof that Sheppard pled guilty to charges he did not understand because he was not adequately counseled upon them. He acted 7 months ahead of his sentencing in trying to protect his rights however, was provided with a federal public defender who would not allow him to try and take back his plea agreement. Therefore, Sheppard went to sentencing under a plea agreement he did not understand when changing his plea to guilty from not guilty.

Id. Petitioner then reiterates the arguments originally set forth in his § 2255 Motion, i.e. that he only pled guilty to engaging in criminal conduct for $107,000, that he did not know what relevant conduct meant, and that he did not understand his appellate waiver. Id. at pp. 2-3.

We received two (2) pieces of correspondence from Petitioner during the time period referenced in his Motion. They are attached as exhibits to this Memorandum Opinion and Order.

As explained by the Court in U.S. v. Askew, 2010 WL 607970 (W.D. Pa. 2010) (J. Schwab):

> "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985), cert. denied, 476 U.S. 1171 (1986). A court may properly grant a motion for reconsideration for any of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995). "'Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided.' Rottmund v. Continental Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992)." Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). See also Horizon Unlimited, Inc. v. Richard Silva & SNA, Inc., 2001 WL 41131, *2 (E.D. Pa. 2001) (same).

> Also, a motion for reconsideration is not an opportunity for a party to relitigate already decided issues and should not be used "to put forward additional arguments which [the movant] could have made but neglected to make before judgment." Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992). See also Williams, 32 F.Supp.2d 39 ("Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993)"). These general rules apply fully when considering a motion to reconsider a court's decision

2

> denying habeas corpus relief. See e.g., Bacon v. Carroll, 2009 WL 3156751, *1 (D. Del. 2009); Griffin v. Hogsten, 2007 WL 1811222, *1 (M.D. Pa. 2007).

Id. at *1.

Reviewing Petitioner's Motion and the two documents received from him, we find that there has not been an intervening change in controlling law. We further find that since Petitioner was well aware of the letters he wrote to this Court, this case involve, as Petitioner contends, the availability of "new evidence" not previously available. Finally, this is not a situation where we need to grant Petitioner's Motion in order to correct a clear error of law. Thus, the issue is whether we need to grant Defendant's Motion in order to prevent manifest injustice.

Having reviewed the contents of the letters sent to this Court by Petitioner, we conclude that nothing contained in these letters alters the findings in our Memorandum Opinion and Order denying Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. §2255 and granting the Government's Motion to Dismiss, or the rationale underlying these findings, that: (1) Petitioner's waiver of his right to collaterally attack his sentence was both knowing and voluntary; and (2) the enforcement of said waiver does not result in a miscarriage of justice because even assuming that defense counsel failed to properly review the terms of the plea agreement with Petitioner prior to Petitioner signing it, and that as such, defense counsel's representation fell below an objective standard of reasonableness, an ineffective assistance of counsel claim would not be successful because Petitioner has not established that this deficient performance prejudiced him in any way. Accordingly, Defendant's Motion for Reconsideration of our decision to deny Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. §2255 and to grant the Government's Motion to Dismiss shall be denied.

ORDER

AND NOW, this 11th day of March, 2014, it is HEREBY ORDERED, ADJUDGED AND DECREED that Petitioner's Motion to Supplement Federal Habeas Corpus 2255 Motion which we have treated as a Motion for Reconsideration of our decision to deny Petitioner's Motion to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. §2255 and to grant the Government's Motion to Dismiss [ECF#83] is DENIED.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Jason Sheppard
32102-068
Lexington Federal Medical Center
Inmate Mail/Parcels
Box 14500
Lexington, KY 40512