IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SHEPPARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civ. No. 15-450 |
| vs. ) | Crim. No. 10-119 |
| ) | |
| UNITED STATES OF AMERICA. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Jason Sheppard's most recent § 2255 Motion ("Petitioner's Fourth §2255 Motion), filed on April 2, 2015. In this Motion, Petitioner argues that his rights under the Sixth Amendment were violated when his former defense counsel, Gary Gerson ("Gerson") had an actual conflict of interest that he did not reveal to Petitioner, namely that: (1) in March 2010, while representing Petitioner in two civil cases and on a D.U.I. charge, Gerson was also representing Morgan McCullum ("McCollum") on a D.U.I. charge; (2) Gerson knew, as of March 2010, that McCollum was providing information to the Government about Petitioner's conduct that led to Petitioner being indicted in this case in June 2010 and Gerson counseled McCollum to speak to the FBI about Petitioner; (3) Gerson never warned Petitioner of McCollum's involvement with the FBI or that Petitioner should not communicate with McCollum; and (4) McCollum's D.U.I. charge was deleted of record as a result of her cooperation with the FBI. Petitioner's Fourth §2255 Motion, pp. 5-7. Petitioner also alleges that his rights under the Fifth and Sixth Amendments were violated because the indictment filed against him was illegal as a result of the Assistant United States Attorney on the case knowing about Gerson's conflict of interest and indicting Petitioner. Id. at pp. 4-5; 8-9. Petitioner also

contends that he is actually innocent of the charges against him and that there was a change in controlling law as of October 14, 2014 with respect to the waiver of appellate rights in plea agreements such that his waiver of his rights to file a collateral appeal in his plea agreement should not now be used against him. Id. at pp. 10-11. None of these arguments were contained in his original Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 ("Petitioner's First §2255 Motion) which was filed in this Court on November 21, 2013 and denied on its merits in March 2014 and about which the appellate court denied a certificate of appealability on February 5, 2015.

## I. Procedural History.

As stated, on November 21, 2013, Petitioner filed his first of four §2255 Motions. This Court denied Petitioner's First §2255 Motion on March 5, 2014. The Court received a letter and a motion to supplement Petitioner's First §2255 Motion on March 6, 2014; having already ruled on the motion, we treated the documents as a Motion for Reconsideration of the denial and denied this motion on its merits on March 11, 2014.

Petitioner filed an appeal of the March 5, 2014 denial Order on April 3, 2014. While the appeal was pending, Petitioner mailed numerous documents to the Court. One such document was a Notice to Court Regarding New Evidence that stated that on May 16, 2014, his trial counsel in a separate criminal case had given him documents that "show that the F.B.I's star witness in the [instant] matter, was also represented by Gerson on a D.U.I and that Gerson counseled her to go and tell the truth to the F.B.I. about Sheppard" and that "Gerson never advised Sheppard that this particular woman – Morgan McCullum – was helping the F.B.I against Sheppard or that he (Gerson) had counseled her to talk with the FB.I;" we filed this Notice on the docket on June 3, 2014. See June 3, 2014 Notice, pp. 1-2. A second document

2

was a letter from Petitioner that we filed on June 26, 2014 as a Second Motion for Reconsideration of our denial of Petitioner's First § 2255 Motion. On August 4, 2014, we denied this motion based on lack of jurisdiction over the matter that was then on appeal.

On September 24, 2014, while his appeal of his First §2255 Motion was still pending, Petitioner filed his second § 2255 Motion ("Petitioner's Second §2255 Motion), arguing "all grounds listed in CV -13-1667 [his First § 2255 Motion] plus new evidence of a real conflict of interest where my counsel represented the Government's leading witness on a DUI charge and counseled her to testify against me in exchange for dropping said DUI." Second §2255 Motion, p. 4. This Court denied Petitioner's Second §2255 Motion on September 30, 2014 on the basis that the Motion was a second or successive §2255 petition such that we did not have jurisdiction over the motion without prior Third Circuit court approval. We also denied the issuance of a certificate of appealability and advised Petitioner that he had the right to appeal our Order denying his Motion and that he needed to seek a certificate of appealability from the appellate court. Petitioner did not, however, appeal the denial or seek a certificate of appealability from the appellate court.

On November 13, 2014, while his appeal of his First §2255 Motion was still pending, Petitioner filed his third § 2255 Motion ("Petitioner's Third §2255 Motion), arguing "that although his original § 2255 Motion still is on appeal with the United States Court of Appeals for the Third Circuit, "[United States Deputy Attorney General James] Cole's [October 14,2014] memorandum ... shows, Sheppard plainly and unambiguously has received permission to appeal from the U.S. Department of Justice and no permission shall now be required from the 3rd Circuit. This change in controlling law makes this motion classified as a new filing and not a successive one and therefore, Sheppard's battle was overcome on 10/14/14." Petitioner's Third §

2255 Motion, p. 4. On November 14, 2014, we denied Petitioner's Third §2255 Motion on the basis that the Motion was a successive §2255 petition such that we did not have jurisdiction over the motion without prior Third Circuit court approval. We also denied the issuance of a certificate of appealability and advised Petitioner that he had the right to appeal our Order denying his Motion and that he needed to seek a certificate of appealability from the appellate court. Petitioner did not, however, appeal the denial or seek a certificate of appealability from the appellate court.

On February 5, 2015, the United States Court of Appeals for the Third Circuit entered a case dispositive Order whereby it denied Petitioner's request for a certificate of appealability with respect to Petitioner's First §2255 Motion and seven (7) other motions filed by Petitioner. In so holding, the appellate court stated:

> Appellant's motion to supplement the record (docketed June 5, 2014) requests that we remand for the District Court to consider a new claim, not presented in his initial motion under 28 U.S.C. § 2255, that his counsel Gary Gerson, Esquire, operated under a conflict of interest when advising appellant to plead guilty. After filing his motion with this Court, however, appellant twice attempted to raise this claim in the District Court, including by asserting it in a second § 2255 motion. The District Court denied that motion as second or successive on September 30, 2014. That order was appealable under 28 U.S.C. § 1291, and it expressly advised appellant of his right to appeal, but appellant did not appeal and his time to do so has expired. See Fed. R. App. P. 4(a)(1)(B). Appellant's failure to appeal means that we lack appellate jurisdiction over the District Court's September 30 order and thus lack appellate jurisdiction to review the District Court's conclusion that appellant's new claim is barred by the restrictions on filing successive § 2255 motions.
>
> Under these circumstances, we decline to exercise any authority we may have to remand and thereby relieve appellant of the consequences of an order for which he could have sought appellate review in the ordinary course but did not. We do not decide whether appellant's new claim is second or successive because appellant has not appealed from the District Court's order concluding that it is. To the extent that appellant's new claim is successive, however, and to the extent that appellant's motion can be construed as an application under 28 U.S.C. §§ 2244 and 2255 for authorization to file a second or successive § 2255 motion, the application is denied because appellant's new claim is not based on new law or on

4

new facts tending to establish his innocence. See 28 U.S.C. §§ 2244(b)(2), 2255(h). We are further satisfied that appellant has not otherwise shown that his new claim has sufficient merit to warrant a remand in the interests of justice. We conclude that appellant's remaining motions lack merit as well.

February 5, 2015 Order, pp. 2-3.

## II. Legal Analysis.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a "second or successive" post-sentencing application for a writ of habeas corpus must be certified by the appropriate court of appeals to contain either newly discovered evidence that would be sufficient to preclude a reasonable factfinder from making a finding of guilt or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Therefore, if Petitioner's Fourth §2255 Motion is a "second or successive" petition, then this Court may not review it without prior certification from the Third Circuit.

We find that Petitioner's Fourth § 2255 Motion is a "second or successive" petition because it was filed after our decision denying Petitioner's First § 2255 Motion on its merits had become final. Therefore, we lack jurisdiction over Petitioner's Fourth §2255 Motion and may not review it without prior certification from the Third Circuit. Accordingly, this Court will dismiss Petitioner's Fourth §2255 Motion for lack of jurisdiction. Moreover, because jurists of reason would not debate this procedural ruling, a certificate of appealability will not issue.

## **ORDER**

AND NOW, this 7th day of May, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner Jason Sheppard's Fourth § 2255 Motion is dismissed for lack of jurisdiction.

It is further hereby ORDERED, ADJUDGED, and DECREED that a certificate of appealability will not issue because jurists of reason would not debate this procedural ruling.

It is further hereby ORDERED, ADJUDGED, and DECREED that the Clerk of Court shall mark Civil Action 15-450 CLOSED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior U.S. District Court Judge