# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
          vs. )     Crim. No. 10-119
)
)
JASON SHEPPARD, )
)
               Defendant. )

## MEMORANDUM OPINION AND ORDER

On October 16, 2015, this Court received a letter from Defendant which the Court has

had docketed as a "Motion for Reconsideration" [ECF 144]. In this "Motion for

Reconsideration," Defendant argues that this Court erred in dismissing Defendant's § 2255

Motions because he did not discover evidence of his former counsel's conflict of interest and of

prosecutorial misconduct until May 16, 2014, and thus, "[a]ll of my 2255 motions following

your March of 2014 denial of my initial motion to vacate [are] valid under [28 U.S.C. §2255

(f)(2) and (4)]." Motion, p. 2. 28 U.S.C.A. § 2255 (f) (2) and (4) provides:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The
> limitation period shall run from the latest of--
>
> . . .
>
> **(2)** the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;
>
> . . .
>
> **(4)** the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West).

## I. Procedural History.

This Court denied Defendant's initial § 2255 motion on March 5, 2014 [ECF 82]. We then denied a Motion for Reconsideration on March 11, 2014 [ECF 84]. On April 3, 2014, Defendant appealed our denial of his initial § 2255 motion [ECF 85].

While that appeal was pending, on June 3, 2014, Defendant filed a "Notice to Court Regarding New Evidence" [ECF 88], in which he stated that he had received evidence which may affect his 2255 motion, said evidence being that his original defense counsel, Gary Gerson,[1] had operated under a conflict of interest during the time he represented Defendant, and that he was providing this Court with the Notice "although the matter is before the Third Circuit, as a courtesy . . . . " Notice, pp. 1-2. Defendant attached a number of exhibits to the Notice which he contended showed former counsel Gerson's conflict of interest.

Thereafter, on June 23, 2014, Defendant mailed this Court a letter which we had filed on June 26, 2014. We had the letter filed as a second Motion for Reconsideration of his original §2255 Motion to Vacate [ECF 89]. We denied this motion for lack of jurisdiction over the matter in an August 4, 2014 Memorandum Opinion and Order [ECF 90], reasoning that "[t]o date, the appellate court has not ruled upon [Sheppard's] appeal," and therefore, "[c]ontrary to Petitioner's contention in his Second Motion for Reconsideration, we do not 'have the power to pull Petitioner's] case from the 3rd Circuit'." Memorandum Opinion, p. 2.

---

[1] Defendant had been indicted on June 15, 2010. Attorney Gerson entered his appearance on Defendant's behalf on July 6, 2010, represented Defendant at his change of plea hearing which was held on August 11, 2011, and moved this Court to withdraw his appearance as counsel on October 17, 2011 because the attorney-client relationship between Defendant and Attorney Gerson "has disintegrated into acrimony and contention." Petition to Withdraw Appearance as Counsel of Record, ¶ 13. We granted Attorney Gerson's petition on December 14, 2011 and appointed a federal public defender to represent Defendant.

Defendant did not appeal our August 4, 2014 Memorandum Opinion and Order. Instead he filed a second § 2255 Motion to Vacate on September 24, 2014 [ECF 92]. In this §2255 motion, Sheppard argued that he had newly discovered evidence that attorney Gerson had operated under a conflict of interest during the time he represented Defendant; Defendant submitted documentation in support of his motion [ECF 93]. On September 30, 2014, we denied this § 2255 motion on the basis that it was a second or successive § 2255 petition, opining that we did not have jurisdiction over such a motion without prior Third Circuit Court approval per 28 U.S.C. §2255 (h), and that the appellate court had not given the requisite approval. Memorandum Opinion and Order [ECF 95], p. 1. In our Memorandum Opinion and Order, we also declined to issue a certificate of appealability and advised Sheppard of his right to appeal our denial of his §2255 motion. Id.

Defendant did not file an appeal of the September 30, 2014 Memorandum Opinion and Order with the appellate court. He did, however, file numerous submissions in the appellate court relevant to his appeal of our denial of his initial section 2255 motion, including a request for a certificate of appealability under 28 U.S.C. §2253(c)(1), a motion for appointment of counsel and a letter in support thereof, two motions to supplement the District Court record, a document requesting grant of motions or to compel a response, a document in support of his appeal, and a motion to compel the Government to respond in the above-captioned case.

Sheppard also filed a third § 2255 motion on November 13, 2014 [ECF 96], arguing that although his original § 2255 motion still was on appeal, "[United States Deputy Attorney General James] Cole's [October 14, 2014]memorandum ... shows, Sheppard plainly and unambiguously has received permission to appeal from the U.S. Department of Justice and no permission shall now be required from the 3rd Circuit. This change in controlling law makes this motion classified as a new filing and not a successive one and therefore, Sheppard's battle was overcome on 10/14/14." Third

3

§2255 Motion, p. 4. We denied the motion on November 14, 2014 in a Memorandum Opinion and Order [ECF 97] on the basis that "[t]his motion is a ... successive § 2255 petition. The Court does not have jurisdiction over such a motion without prior Third Circuit approval. Such approval has not been given in this case." Memorandum Opinion and Order, p. 1. We also ruled that a certificate of appealability would not issue and informed Defendant of his right to appeal the decision. Id. at p. 2. Defendant did not appeal the November 14, 2014 Memorandum Opinion and Order.

On February 5, 2015, the United States Court of Appeals issued an Order in which it denied all of Defendant's "motions" pending before the appellate court. Order, p. 1. Relevant to Defendant's pending motion, in denying all of the "motions," the appellate court stated:

> Appellant's motion to supplement the record (docketed June 5, 2014) requests that we remand for the District Court to consider a new claim, not presented in his initial motion under 28 U.S.C. § 2255, that his counsel Gary Gerson, Esquire, operated under a conflict of interest when advising appellant to plead guilty. After filing his motion with this Court, however, appellant twice attempted to raise this claim in the District Court, including by asserting it in a second §2255 motion. The District Court denied that motion as second or successive on September 30, 2014. That order was appealable under 28 U.S.C. § 1291, and it expressly advised appellant of his right to appeal, but appellant did not appeal and his time to do so has expired. See Fed. R. App. P. 4(a)(1)(B). Appellant's failure to appeal means that we lack appellate jurisdiction over the District Court's September 30 order and thus lack appellate jurisdiction to review the District Court's conclusion that appellant's new claim is barred by the restrictions on filing successive § 2255 motions.
>
> Under these circumstances, we decline to exercise any authority we may have to remand and thereby relieve appellant of the consequences of an order for which he could have sought appellate review in the ordinary course but did not. We do not decide whether appellant's new claim is second or successive because appellant has not appealed from the District Court's order concluding that it is. To the extent that appellant's new claim is successive, however, and to the extent that appellant's motion can be construed as an application under 28 U.S.C. §§ 2244 and 2255 for authorization to file a second or successive § 2255 motion, the application is denied because appellant's new claim is not based on new law or on new facts tending to establish his innocence. See 28 U.S.C. §§ 2244(b)(2),

4

2255(h). We are further satisfied that appellant has not otherwise shown that his new claim has sufficient merit to warrant a remand in the interests of justice.

Id. at pp. 1-2.

Defendant then filed a fourth § 2255 motion on April 2, 2015 [ECF 109]. In it, he argued that his rights under the Sixth Amendment had been violated as a result of former counsel Gerson's actual conflict of interest that he had not revealed to Defendant during his representation of Defendant and that the Assistant Unites States Attorney who prosecuted the criminal case against Defendant knew of the conflict of interest. Id. at pp. 5-8. Sheppard also argued that the Assistant United States Attorney who had prosecuted him had engaged in prosecutorial misconduct because he knew about prior counsel's conflict of interest and allowed counsel to continue to represent Defendant. Id. at pp. 8-9. Defendant also made an "actual innocence" argument, placing blame for his criminal conduct on Tropicana Casino and National City Bank. Id. at pp. 9-10. Finally, Sheppard argued that that there was a change in controlling law as of October 14, 2014 with respect to the waiver of appellate rights in plea agreements such that his waiver of his rights to file a collateral appeal in his plea agreement should not now be used against him. Id. at p. 12.

On May 11, 2015 we issued a Memorandum Opinion and Order [ECF 113] wherein we dismissed the Defendant's fourth § 2255 motion for lack of jurisdiction and decided that a certificate of appealability would not issue. Memorandum Opinion and Order, p. 5. On July 9, 2015, Defendant appealed the May 11, 2015 Memorandum Opinion and Order and that appeal currently is pending.

## II. Legal Analysis.

As explained in <u>U.S. v. Colon</u>, 2015 WL 127726 (E.D. Pa. Jan. 6, 2015):

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (quoting *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)). Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch,* 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer,* 591 F.3d 666, 669 (3d Cir. 2010)). However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" *In re Blood Reagents Antitrust Litig.,* 756 F.Supp.2d 637, 640 (E.D. Pa. 2010) (quoting *Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)). Therefore, "[m]ere dissatisfaction with the Court's ruling ... is not a proper basis for reconsideration." *Progressive Cas. Ins. Co. v. PNC Bank, N.A.,* 73 F.Supp.2d 485, 487 (E.D. Pa.1999). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *In re Asbestos Products Liab. Litig. (No. VI),* 801 F.Supp.2d 333, 334 (E.D. Pa. 2011) (quoting *Cont'l Cas. Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D. Pa. 1995)).

<u>Id.</u> at *1. As the above recitation makes clear, the factual evidence and legal arguments raised by Sheppard in this most recent motion are not new ones to this Court. Rightly or wrongly, we have already thought through the factual and legal issues brought forward by Defendant and have rendered decisions with respect to these arguments. Accordingly, Defendant's motion for reconsideration is denied. Of course, as we have repeatedly told Defendant, if he disagrees with a decision or otherwise believes we have made a mistake, his recourse is to file an appeal to the United States Court of Appeals for the Third Circuit, which will decide if this Court is right or wrong and instruct us as to the proper course to take.

6

Moreover, even if we were to grant Defendant's Motion for Reconsideration, we still would deny any and all of Defendant's §2255 motions on the merits, without holding an evidentiary hearing[2]. Specifically, Defendant's conflict of interest argument is that his former attorney Gary Gerson counseled Morgan McCollum to testify against Defendant at a time when the attorney was representing both McCollum in a DUI case and Defendant in a number of cases, that in exchange for this cooperation the criminal charge against McCollum was dropped, and Gerson never told Defendant that McCollum was testifying against him instead convincing Defendant to enter a guilty plea so that Defendant would not find out about the conflict of interest. In support of this contention, Defendant has submitted a number of emails between Morgan McCollum and an FBI Special Agent who was investigating Defendant, including an email from Ms. McCollum to the Special Agent dated March 6, 2010. See ECF 93-2. A fair reading of the March 6, 2010 email indicates that at the time of the email Attorney Gerson was representing Ms. McCollum on a DUI charge, that Ms. McCollum told Attorney Gerson that she was going to speak to the F.B.I. about Defendant and that Attorney Gerson told Ms. McCollum to tell the truth. Defendant has also submitted docket sheets that indicate that in March 2010 Attorney Gerson was representing Defendant in state court at this time on a civil and an equity matter. See Id. Also submitted by Defendant is a September 17, 2014 letter from the Office of Disciplinary Counsel of the Disciplinary Board of the Supreme Court of Pennsylvania in which the disciplinary counsel stated that he had looked for, but been unable to locate, any record of a DUI case involving McCollum in Pennsylvania in either Common Pleas Court or before a Magisterial District Judge. ECF 109-5.

---

[2] A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545–46 (3d Cir.2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir.2005); Rule 8(a), 28 U.S.C. § 2255. The record conclusively demonstrates that Defendant is not entitled to relief.

To prevail on a Sixth Amendment ineffectiveness of counsel claim, a defendant must establish that an actual conflict of interest adversely affected his attorney's performance. Mickens v. Taylor, 535 U.S. 162, 173-174, 122 S.Ct. 1237, 1245 (2002); U.S. v. Gambino, 864 F.2d 1064, 1072 (3d Cir. 1988). "'Actual conflict of interest is evidenced if, during the course of representation, the defendants' interests diverge with respect to a material factual or legal issue or to a course of action.... This conflict must cause some lapse in representation contrary to the defendant's interests but such lapse need not rise to the level of actual prejudice'." U.S. v. Gambino, 788 F.2d 938, 951 (3d Cir. 1986) (quoting Sullivan v. Cuyler, 723 F.2d 1077, 1086 (3d Cir.1983). Simply stated, the evidence submitted Defendant does not support the conclusion that Attorney Gerson labored under an actual conflict of interest which adversely affected his performance while representing Defendant in this case as would violate his Sixth Amendment rights.

Further, assuming *arguendo* that AUSA Conway knew about Attorney Gerson's relationship with Ms. McCollum as of March 6, 2010, used McCollum's information to support indicting Defendant for wire fraud, and did not share Gerson's relationship with McCollum with this Court or with Defendant, we find that this conduct does not equate to prosecutorial misconduct that would warrant granting Defendant's § 2255 motion to vacate.

**III. Conclusion.**

Defendant's Motion for Reconsideration is denied. An appropriate Order follows.

## ORDER

AND NOW, this 23rd day of December, 2015, it is hereby ORDERED, ADJUDGED,

AND DECREED that Defendant's "Motion for Reconsideration" [ECF 144] is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc:     Jason Sheppard
        #155709
        Allegheny County Jail
        950 2nd Ave.
        Pittsburgh, PA 15219

9