## THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    )
                                )
        vs.                  )      **Crim. No. 10-119**
                                )      **Civ. No. 13-1667**
                                )
JASON SHEPPARD,              )
                                )
           Defendant.    )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jason Sheppard's Motion to Strike Judgment and Reopen Per Rule 60b of the Federal Rules of Civil Procedure ("Defendant's Motion to Strike Judgment and Reopen pursuant to Rule 60(b)") [ECF 145] and Defendant's Motion in Support of Motion to Strike Judgment and Reopen Pursuant to Rule 60B of the Federal Rules of Civil Procedure ("Defendant's Supplement") [ECF 146], which Defendant says supplements his earlier motion and contains claims of fraud and specific violations of Rule 60(b).

Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).

## I. Defendant's Motion to Strike Judgment and Reopen pursuant to Rule 60(b).

In his Motion to Strike Judgment and Reopen pursuant to Rule 60(b), Defendant seeks this Court to "strike judgment in the above captioned matter, and reopen this civil matter related to a criminal judgment due to new regulations in the relinquishing of the appellate rights to ineffective assistance of counsel claims, and 28 U.S.C. § 2255 collateral attack waivers." Defendant's Motion to Strike Judgment and Reopen pursuant to Rule 60(b), p. 1. The civil matter to which Defendant refers is his initial Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255, which this Court denied on March 5, 2014 and is docketed at CV13-1667. See ECF 5 at CV13-1667; ECF 82 at CR10-119. The "new regulations" to which Defendant refers is an October 14, 2014 Memorandum to all federal prosecutors from United States Deputy Attorney General James M. Cole ("Deputy Attorney General Cole") regarding the enforcement of appellate waivers in which a defendant waives claims of ineffective assistance of counsel on direct appeal and collateral attack. *See* Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), available at http://pdfserver.amlaw.com/nlj/DOJ_Ineffective_Assistance_Counsel.pdf (last viewed on December 17, 2015). In support of his position, Defendant argues: "[i]n the memorandum from Mr. Cole which the defendant has exhibited on docket to this Court on several occasions, Cole states that when such waivers bar defendants from the chance to appellate relief, the federal prosecutors involved must decline to enforce said waivers which again, this Honorable Court is

well aware of." Defendant's Motion to Strike Judgment and Reopen pursuant to Rule 60(b), p.
2.

As an initial matter with respect to this argument, Fed.R.Civ.P. 60(c) explains that "[a]
motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3)
no more than a year after the entry of the judgment or order or the date of the proceeding."
Fed.R.Civ.P. 60(c). While Defendant does not allege which of the subsections of Rule 60(b) he
opines is applicable to this argument, we find that consideration of Defendant's Motion to Strike
Judgment and Reopen, to the extent that it is based upon Deputy Attorney General Cole's
Memorandum, is properly analyzed under Rule 60(b)(6). We further find that Defendant's
Motion to Strike Judgment and Reopen, to the extent that it is based upon Deputy Attorney
General Cole's Memorandum, has been made within a reasonable time since Deputy Attorney
General Cole's Memorandum was issued on October 14, 2014 and Defendant's Motion to Strike
Judgment and Reopen pursuant to Rule 60(b) was filed on October 23, 2015. In other words, the
motion is timely filed.

In the Memorandum, Deputy Attorney General Cole stated in relevant part: "[f]or cases
in which a defendant's ineffective assistance claim would be barred by a previously executed
waiver, prosecutors should decline to enforce the waiver when defense counsel rendered
ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim
raises a serious debatable issue that a court should resolve." Id. Thus, contrary to Defendant's
contention, the new Department of Justice policy set forth in Deputy Attorney General Cole's
Memorandum does not prohibit its prosecutors from seeking to enforce a collateral-appeal
waiver and is not a change in the law that renders a prior waiver of collateral appeal invalid. For
those reasons, we find that the new policy does not require or otherwise justify the relief sought

3

by Defendant , i.e. vacating our March 5, 2014 Memorandum Opinion and Order wherein we

denied Defendant's first Motion to Motion to Vacate, Set Aside or Correct a Sentence Pursuant

to 28 U.S. C.§2255 "[h]aving found that Petitioner knowingly and voluntarily waived his right to

collaterally attack his sentence pursuant section 2255 in the plea agreement he entered into with

the Government, and that the enforcement of said waiver does not result in a miscarriage of

justice." March 5, 2014 Memorandum Opinion and Order [ECF 82], p. 14.

## II. Defendant's Motion in Support of Motion to Strike Judgment and Reopen Pursuant to Rule 60B of the Federal Rules of Civil Procedure ("Defendant's Supplement").

In Defendant's Supplement, Defendant raises additional arguments in support of his

contention that the judgment entered on March 5, 2014 should be voided and his civil case

reopened pursuant to Rule 60(b). Specifically, he argues that the judgment entered on March 5,

2014 should be voided and his case reopened because: (1) on or about May 16, 2014, Plaintiff

received new evidence that former defense attorney Gary Gerson, AUSA Brendan Conway,

Morgan McCollum and FBI special agents Henry Waldheim and Neal Caldwell committed fraud

upon this Court when devising and carrying out a case fixing scheme to indict Defendant; (2)

Attorney Gerson, AUSA Conway, and Special Agents Waldheim and Caldwell all knew that

Gerson was representing Defendant under a conflict of interest because he had counseled

McCollum to testify against Defendant while Gerson represented both Defendant and

McCollum; (3) Conway furthered their scheme by allowing Gerson to represent Defendant

under the conflict of interest from formal arraignment until Gerson moved to withdraw as

Defendant's attorney on October 17, 2011; (4) Waldheim knew of the conflict of interest, and

thus that McCollum's statements could not be used, and yet provided Conway with emails sent

to him by McCollum; (5) Conway knew of the conflict of interest and thus that McCollum's

statements could not be used and yet used them when he subpoenaed the Tropicana Casino

4

report, which resulted in Defendant being indicted illegally; (6) Conway withheld McCollum's emails to the FBI because he knew the documents established Defendant's innocence and proved the conflict of interest that violated Defendant's rights under the 5th and 6th Amendments; (7) Conway was aware of or took part in having McCollum's DUI charge dropped and erased from the record in order to hide his misconduct and Gerson's conflict of interest; and (8) on December 1, 2011, at Defendant's first scheduled sentencing date and 45 days after Gerson moved to withdraw as counsel, Conway, Gerson and others met in this Court "off the record" without the defendant present and no one, including the Court, will tell Defendant what was discussed or agreed upon. Defendant's Supplement, pp. 1-4.

Again, Fed.R.Civ.P. 60(c) explains that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c). Reviewing the above-stated arguments by Defendant, we read Defendant in his Supplement to be arguing that our March 5, 2014 Memorandum Opinion and Order denying his initial §2255 Motion should be vacated based upon "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b)(2) and (3). As such, to the extent that Defendant's Motion to Strike Judgment and Reopen Pursuant to Rule 60(b) is based upon the arguments raised in Defendant's Supplement, his Motion must be denied pursuant to Fed.R.Civ.P. 60(c) as being untimely filed because it was filed on October 23, 2015, more than one (1) year after our March 5, 2014 Memorandum Opinion and Order was entered.

Even if this part of Defendant's Motion to Strike Judgment and Reopen Pursuant to Rule 60(b) had been timely filed, or Defendant's arguments somehow fall under Rule 60(b)(6) as opposed to Rule 60(b)(2) or (3), we still would deny this part of Defendant's motion on its merits because, as stated in our Memorandum Opinion and Order denying Defendant's Motion for Reconsideration [ECF 156 at CR 10-119], see pp. 7-8, the evidence of record submitted by Defendant does not support the conclusion that Attorney Gerson labored under an actual conflict of interest which adversely affected his performance while representing Defendant in this case as would violate Defendant's Sixth Amendment rights nor does it support the conclusion that AUSA Conway and/or Special Agents Waldheim and Caldwell engaged in prosecutorial misconduct. As such, we find that Defendant has not established: (1) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" (2) "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" or (3) "any other reason that justifies [the] relief" he seeks, i.e. that this Court vacate our March 5, 2014 Memorandum Opinion and Order denying his initial §2255 motion and reopen his civil case at CV13-1667. Fed.R.Civ.P. 60(b)(2), (3) and (6).

**III. Conclusion.**

For the reasons set forth above, Defendant's Motion to Strike Judgment and Reopen Per Rule 60b of the Federal Rules of Civil Procedure [ECF 145], as supplemented by Defendant's Motion in Support of Motion to Strike Judgment and Reopen Pursuant to Rule 60B of the Federal Rules of Civil Procedure [ECF 146] shall be denied. An appropriate Order follows:

## ORDER

AND NOW, this 23rd day of December, 2015, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Strike Judgment and Reopen Per Rule 60b of the Federal Rules of Civil Procedure [ECF 145], as supplemented by Defendant's Motion in Support of Motion to Strike Judgment and Reopen Pursuant to Rule 60B of the Federal Rules of Civil Procedure [ECF 146] is DENIED.

Maurice B. Cohill, Jr.
Senior District Court Judge

cc:    Jason Sheppard
        #155709
        Allegheny County Jail
        950 2nd Ave.
        Pittsburgh, PA 15219