# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      )
                               )
vs.                            )   Crim. No. 10-119
                               )
                               )
JASON SHEPPARD,                )
                               )
        Defendant.             )

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jason Sheppard's *pro se* Motion to Modify Sentence 18 U.S.C. §3582(c)(2) [ECF 141] ("Motion to Modify"). By this Motion to Modify, Defendant contends that his fifty-five (55) month sentence should be modified in light of "the new non-violent drug offender guidelines amendment reduction" because "[i]n the sentencing transcripts and on the judgment and committal, Judge Cohill specifically attributed Sheppard's criminal history and his actions in the instant offense to alcohol abuse." Motion to Modify, ¶¶ 1 and 2.

On October 16, 2015, upon consideration of the *pro se* Motion, which we construed as a motion to reduce Defendant's sentence under 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Commission Guidelines Manual, and in light of the Administrative Orders entered by Chief Judge Joy Flowers Conti at Misc. No. 14-242 on September 29, 2014; November 25, 2014, January 23, 2015 and February 23, 2015," we appointed an Assistant Federal Public Defender to represent Defendant. See October 16, 2015 Order of Court [ECF 142]. Defendant was dissatisfied with the Assistant Federal Public Defender's representation and on November 19, 2015 Defendant filed a "Motion for Extension of Time for Which to

Respond to Government's Response in Opposition" [ECF 152]; in this Motion for Extension of Time, Defendant requested a fourteen day extension in which to respond to the Government's Response in Opposition to Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF 150] and requested that "the Office of the Federal Public Defender no longer be appointed counsel in this matter." Motion for Extension of Time, ¶¶ 8 and 9. On November 19, 2015, we granted Defendant's Motion for Extension of Time, terminated the assistant federal public defender as Defendant's counsel, and permitted Defendant until December 4, 2015 to file his reply to the Government's Response. To date Defendant has not filed any response to the Government's Response.

Turning to the merits of Defendant's Motion to Modify, in general, "[t]he court may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). There are, however, a few narrow exceptions to this rule of finality. As relevant here, a court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentence range that has been lowered by the Sentencing Commission ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." Id. The relevant policy statement contains the following caveat: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c) (2) if ... [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a) (2)(B).

Amendment 782, which became effective in November 2014, retroactively lowered the base offense levels for drug offenses specified in U.S.S.G. § 2D1.1. Defendant was adjudicated guilty of one (1) count of Wire Fraud in violation of 18 U.S.C. §1343. Defendant's base offense

level was calculated pursuant to U.S.S.G. §2B1.1, the guideline applicable for 18 U.S.C. §1343 offenses, and not pursuant to U.S.S.G §2D1.1 . Revised Final Presentence Report [ECF 53], ¶ 20. Therefore, since Amendment 782 does not provide a reduction for base offense levels established pursuant to U.S.S.G. §2B1.1, it does not affect Sheppard's applicable sentencing range, 18 U.S.C. §3582(c)(2) does not authorize a reduction in his sentence, and Defendant's Motion must be denied. Whether or not Defendant's violation of 18 U.S.C. §1343 was the result of his abusing alcohol is irrelevant to the applicability of Amendment 782 to his case.

An appropriate Order follows:

### ORDER

AND NOW, this _11th_ day of January, 2016, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Jason Sheppard's Motion to Modify Sentence 18 U.S.C. §3582(c)(2) [ECF 141] is DENIED.

Maurice B. Cohill, Jr.
Senior U.S. District Court Judge

cc: Jason Sheppard
#155709
Allegheny County Jail
950 2nd Ave.
Pittsburgh, PA 15219