IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | Crim. No. 10-119 |
| ) | Civ. Nos. 13-1667, 15-450, and 15-1402 |
| JASON SHEPPARD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Jason Sheppard's Motion for Sanctions and to Issue Show Cause Order Against Gary Gerson and For Evidentiary Hearing; Motion to Strike Judgment; [and] Motion to Reopen Pursuant to Rule 60(b) of Fed.R.Civ.P. ("Motion") [ECF 164].

The Court has reviewed the exhibits submitted by Defendant in support of his Motion. These documents simply do not support Defendant's contention that they show that Defendant appeared for a DUI change of plea hearing that Attorney Gerson told this Court Defendant failed to attend such that Attorney Gerson "lied to this Court in order to withdraw as Sheppard's counsel in [CR]10-119," and/or "committed fraud in violation of Rule 60(b) of the Fed.R.Civ.P. in CV-13-1667 as it relates [to CR10-119]." Motion, ¶ 12. To the contrary, the Presentence Report ("PSR") completed by the U.S. Probation Office in Defendant's criminal case [ECF 27] supports Attorney Gerson's representation to the Court that Defendant failed to appear at a plea hearing in state court on October 13, 2011 with respect to his state court DUI case. See PSR, ¶ 34 ("10/13/11: Bench warrant issued for failure to appear at a plea hearing"). Moreover, Defendant's appearance or non-appearance at a DUI hearing in state court had no effect on this federal court case.

There being no malfeasance established on the part of Attorney Gerson, Defendant's argument that "the government once again impeded the progress of Sheppard's filings by withholding further evidence of Gerson's malfeasance for nearly four (4) years causing 'newly discovered evidence" to have to be presented again as AUSA Conway did from 3/6/2010-5/16/2014 when he withheld evidence that proved Gerson represented Sheppard and a government witness against Sheppard, under conflict prior to and throughout 10-119," see Motion, ¶ 12, also has no merit.

Accordingly, Defendant's Motion for Sanctions and to Issue Show Cause Order Against Gary Gerson and For Evidentiary Hearing; Motion to Strike Judgment; [and] Motion to Reopen Pursuant to Rule 60(b) of Fed.R.Civ.P., wherein he seeks that this Court: (1) award sanctions; (2) issue a show cause order against defense counsel Gerson "to explain why he lied to this Court in order with withdraw as Sheppard's counsel in 10-119;" (3) strike the judgment in and reopen CV-13-1667 due to violations by Gerson of Fed.R.Civ.P. 60(b); (4) void Defendant's guilty plea in CR10-119; (5) vacate his conviction and sentence at CR10-119; and (6) hold "an evidentiary hearing into AUSA Conway's withholding of Sheppard's legal mail for 47 months ('Exhibit A') and [in]to why he withheld the evidence that Sheppard was represented by Gerson under conflict ('Exhibit H')," see Motion, ¶¶ 13-18, shall be denied.

## ORDER

AND NOW, this 4th day of April, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Sanctions and to Issue Show Cause Order Against Gary

Gerson and For Evidentiary Hearing; Motion to Strike Judgment; Motion to Reopen Pursuant to Rule 60(b) of Fed.R.Civ.P. [ECF 164] is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: Jason Sheppard
1665 New Haven Avenue
Pittsburgh, PA 15216