# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 10-119 |
| | ) | |
| JASON SHEPPARD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Defense counsels' Motions to Withdraw (**Docs. 197 & Doc. 202**) are **GRANTED**; and Defendant's "Motion to Dismiss Counsel" (**Doc. 199**) is **DENIED AS MOOT**.

While these Motions were pending, Defendant submitted two copies of the same document, titled "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28, U.S.C. § 2255," on March 1st and March 7th, 2017, respectively. In light of the Court's prior, repeated Orders making clear that Defendant could not proceed through "hybrid representation," the Clerk's Office did not file these documents, but instead sought guidance from the Court. At the time, the undersigned was presiding over a criminal trial, and the Court did not, until recently, become aware of the Clerk's Office's inquiries.

Contrary to the suggestion in his second cover letter, Defendant has <u>not</u> been the victim of a conspiracy to prevent the filing of his submissions. Rather, the Court has hundreds of active cases that it must attend to, and it cannot devote all of its judicial resources to a single litigant. In any event, the Clerk's Office now will be directed to file the Motion submitted with Defendant's cover letter dated March 1st, and the duplicate-copy, submitted with a cover letter dated March 7th, will be returned to Defendant along with the instant Order.

In addition, Defendant has submitted a "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28, U.S.C. § 2241," and the Clerk's Office marked it received March 14, 2017. Like many of his prior submissions, Defendant listed on the caption two case-numbers, Criminal Action Nos. 10-119 and 13-278. Between the confusion of the "hybrid representation" prohibition and Defendant's having listed multiple case numbers, the Clerk's Office again has sought guidance from the Court, asking whether and where to file this document.

While Defendant's practice of marking multiple case numbers on a single submission may, in his perception, prove an effective "short cut," it has resulted in substantial confusion for the Clerk's Office, the Court and, probably to some degree, Defendant himself. It is not the Clerk's Office's job, nor is it the Court's, to decipher which case or cases are the proper "home" for Defendant's varied and numerous submissions.

Accordingly, Defendant hereby is **ORDERED** to cease the practice of listing multiple case numbers on his submissions, and the Clerk's Office is directed, from this point on, to discard any submission by Defendant containing more than one case number in the caption. If a submission *properly* is directed to more than one case, Defendant shall submit copies of the document, with different case numbers in the caption, for each case. This instruction should not be construed as an invitation for Defendant to direct every submission to every case number affiliated with him. Rather, <u>Defendant's decisions regarding the case or cases to which his submissions are directed must be the result of thoughtful and deliberate consideration</u>.

As to the 2254-Motion, the Court will direct the Clerk's Office to file it at Criminal Action Number 10-119, and not 13-278. Contemporaneously herewith, the Court will enter an order in 13-278 denying Defendant's request to withdraw the appearance of Attorney Robert E.

Mielnicki in that case. The prohibition against hybrid-representation will continue to be observed in 13-278; and, thus, docketing the 2254-Motion in that case would be a nullity.

Once the Clerk's Office has processed the remaining filings in this case, as directed above, the Court will enter an order directing the government to file an omnibus response to all of Defendant's current Motions in Case No. 10-119. Defendant is cautioned that, although he is not prohibited from making additional submissions, his doing likely will have the unintended consequence of delaying resolution of issues already before the Court. The government must be afforded a reasonable opportunity to respond to all matters placed before the Court, and principles of fairness and economy counsel strongly against requiring its counsel to respond, on a rolling basis, to serial filings by Defendant. *See* Aruanno v. Yates, 2016 WL 4951047, *14 (D. N.J. Sept. 14, 2016) ("every court has the inherent power to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for [the] litigants") (citing and quoting Landis v. N. Am. Co., 299 U.S. 248, 252 (1936)).

Finally, Defendant promptly shall submit in 10-119 a "Notice of Change of Address," as his address-of-record in this case (1665 New Haven Avenue, Pittsburgh, PA 15216) clearly is different from the one identified in his recent submissions. As a one-time courtesy, the Court will transmit a copy of the instant Order to the address identified in the return-address portion of his recent filings ("Jason Sheppard, 32102-068, FCI Elkton, PO Box 10, Lisbon, OH 44432"). From this point on, however, the Court always (and only) will send copies of its filings to Defendant's address-of-record.

IT IS SO ORDERED.

March 14, 2017                                   s\Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via First-Class, U.S. Mail):

Jason Sheppard
32102-068
FCI Elkton
PO Box 10
Lisbon, OH  44432


cc (via ECF email notification):

All Counsel of Record