IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) Criminal Action No. 10-119 |
| v. | ) Civil Action No. 17-331<br>) |
| JASON SHEPPARD, | ) Judge Cathy Bissoon<br>) |
| Defendant. | ) |

## ORDER

Pending before the Court is Petitioner Jason Sheppard's fifth Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF 209]. Petitioner claims as follows:

> [D]ue to newly discovered evidence and admissions in Court by [Attorney Gary] Gerson himself on January 12, 2017, the United States Court of Appeals for the Third Circuit has granted Sheppard leave to file a second or successive § 2255 petition and as such, should the honorable District Court also believe Sheppard's appellate waiver was unknowing and involuntary or chooses to adapt to the Pennsylvania Bar Association, PBA Committee Opinion 2014-100 "Conflicts of Interest and Other Misconduct Related to Waivers of Claims for Ineffective Assistance of Counsel" which deems waivers of ineffective assistance of counsel as "unethical," and should AUSA Conway decline to enforce said waiver as Deputy Attorney General James M. Cole's memorandum instructed all AUSA's to do since October 14, 2014, Sheppard's 2255 claim can be heard for the VERY FIRST TIME, and can be decided ONCE AND FOR ALL.

ECF 209, pp. 2-3 (capitalization in original); see also id. at p. 3 ("This Court now has jurisdiction to hear this 'second or successive § 2255 petition' as the U.S. Court of Appeals has granted Sheppard leave to file such. A copy of the order is attached hereto.")

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Section 2255 provides that petitioners, such as Mr. Sheppard, who have already filed a

2255-motion, may file a "second or successive motion" provided that "a panel of the appropriate court of appeals" has certified that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

This instant 2255-Motion is a "second or successive motion" because it was filed after this Court's decision denying Petitioner's first 2255-Motion on its merits became final. To date, the Court has not received notice from the appellate court that Petitioner has been granted permission to file a second or successive 2255-motion, and, contrary to Petitioner's representation, no such ruling is attached to his Motion. Therefore, the Court independently reviewed the dockets in Petitioner's numerous cases before the appellate court related to USA v. Jason Sheppard, CR10-119 (W.D. Pa.) and USA v. Jason Sheppard, CR13-278 (W.D. Pa.) to determine whether, as represented by Petitioner, the appellate court has granted him leave to file a second or successive 2255-motion.[1]

None of the dockets reflect such a ruling. The Court's best guess as to what has led Petitioner astray is the docket in USA v. Jason Sheppard, C.A. No. 17-1345 (3rd Cir.). There, on March 2, 2017, the Circuit Court entered on its docket that Petitioner's "Application" for second-or-successive authorization, which previously was deficient, had been brought into

---

[1] Specifically the Court reviewed the following elven appellate court dockets: (1) USA v. Jason Sheppard, C.A. No. 12-2795 (3d Cir.); (2) USA v. Jason Sheppard, C.A. No. 14-1829 (3d Cir.); (3) USA v. Jason Sheppard, C.A. No. 15-2670 (3d Cir.); (4) USA v. Jason Sheppard, C.A. No. 15-3088 (3d Cir.); (5) USA v. Jason Sheppard, C.A. No. 15-3306 (3d Cir.); (6) USA v. Jason Sheppard, C.A. No. 15-3709 (3d Cir.); (7) USA v. Jason Sheppard, C.A. No, 15-3990 (3d Cir.); (8) USA v. Jason Sheppard, C.A. No. 16-1063 (3d Cir.); (9) USA v. Jason Sheppard, C.A. No. 16-1254 (3d Cir.); (10) USA v. Jason Sheppard, C.A. No. 16-4434 (3d Cir.); and (11) USA v. Jason Sheppard, C.A. No. 17-1345 (3d Cir.).

compliance and "deemed filed with the [Circuit] Court." This entry does not reflect that second-or-successive authorization has been provided; it merely indicates that the application has been filed.

Under the circumstances, the appellate court has not certified Petitioner's second or successive 2255-Motion, and this Court therefore lacks jurisdiction over it and may not review it. See 28 U.S.C. § 2255(h). Accordingly, Petitioner's § 2255 Motion (**[ECF 209]**) is **DISMISSED**. In light of this ruling, the Civil Action affiliated with the 2255-Motion, No. 17-331, will be dismissed and marked closed. Finally, because jurists of reason would not debate this procedural ruling, a certificate of appealability will not issue.

Petitioner is advised that he has the right to appeal this Order dismissing his 2255-Motion for lack of jurisdiction, see 28 U.S.C. § 2253(a), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Fed. R. App. P. 2.

IT IS SO ORDERED.


March 23, 2017                              s\Cathy Bissoon
                                                                  Cathy Bissoon
                                                                   United States District Judge

cc (via First-Class, U.S. Mail):

Jason Sheppard
32102-068
FCI Elkton
PO Box 10
Lisbon, OH  44432[2]

---

[2] In an Order dated March 14, 2017 ([ECF 205]), Petitioner was instructed to file in Criminal Action No. 10-119 a "Notice of Change of Address," and the Court cautioned: "[f]rom this point on, . . . the Court always (and only) will send copies of its filings to Defendant's address-of-record." Id. at 3. As to the current status of Petitioner's record-address, the Court can only say

cc (via ECF email notification):

All Counsel of Record

---

that a notice of change of address has not yet been received and processed by the Clerk's Office and entered into the docket. Given that Petitioner's recent submissions all have come with the same return-address, the Court will "cut to the chase" and instruct the Clerk's Office to change his address-of-record to the address identified in his recent submissions. To be clear, however, it remains the responsibility of Petitioner, not the Court, to ensure that his address-of-record remains current. *See* Order dated Dec. 1, 2015, [ECF 77] in Criminal Action No. 13-278 at n.1 ("[i]t is Defendant [Mr. Sheppard]'s duty to keep current his address-of-record, and a failure to do so will not excuse any resulting delay or non-receipt") (citing Alpha Fin. Mort., Inc. v. Baugh, 2009 WL 1177084, at *2 (W.D. Pa. Apr. 28, 2009)).