IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 10-119 |
| | ) |
| JASON SHEPPARD, | ) Judge Cathy Bissoon |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Pending before the Court is: (1) Petitioner Jason Sheppard's "Emergency Motion to Strike Judgment and Reopen Pursuant to Rule 60(b) of Fed.R.Civ.P." [ECF 200] ("Petitioner's Motion"), as supplemented by his "Motion to Supplement Emergency Motion to Strike Judgment and Reopen Pursuant to Rule 60(b) Fed.R.Civ.P." [ECF 201] ("Petitioner's Supplement"), which this Court has treated as a brief in support of Petitioner's Motion;[1] and (2) Petitioner's "Emergency Motion for Detention Hearing," in which Petitioner seeks a hearing based on the merits of Petitioner's Motion. [ECF 198].

Petitioner's Motion is based on subsections (b)(2) and (b)(3) of Fed. R. Civ. P. 60. See Petitioner's Rule 60(b) Motion, pp. 2 and 7. Rule 60(b) provides in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[1] To the extent just described, Petitioner's Motion to Supplement [**ECF 201**] is **GRANTED**.

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . .

Id.

In support of his Motion, Petitioner makes the following arguments. First, he argues that, based on newly discovered evidence, he now has proven that Attorney Gerson represented Morgan McCollum; that Gerson was loyal to McCollum and not to Sheppard; and that this conflict of interest caused Gerson to not show Sheppard any of the discovery in his criminal case, thus forcing Sheppard to plead guilty, and causing him to waive his collateral appeal rights in his plea agreement. Petitioner's Motion, pp. 2-7; Petitioner's Supplement, pp. 2-3. Therefore, Sheppard argues, pursuant to Rule 60(b)(2), the judgment at CR10-119 should be voided along with all other criminal and civil judgments flowing therefrom. Second, Sheppard argues that newly-discovered evidence establishes that the government had knowledge of the conflict but failed to disclose it to the Court or Sheppard, an omission equating to "fraud" and "obstruction of justice," and therefore, pursuant to Rule 60(b)(2) and (3), the judgment at CR 10-119 should be voided, along with all of the other criminal and civil judgments that followed. Petitioner's Motion, pp. 7-8. Third, Sheppard asserts that "[t]his motion is a pure civil 60(b) motion, under the Federal Rules of Civil Procedure and should NOT be construed as ANY other type of motion under any title." Id. at p. 8. Finally, Sheppard argues that his motion is timely-made and meets the criteria for relief under Rule 60(b)(2) and (3). Id. at p. 9.

The newly discovered evidence upon which Petitioner's Motion is based is an "Answer and New Matter to First Amended Complaint" filed by Attorney Gerson in January, 2017, in a civil lawsuit Sheppard brought against Attorney Gerson in state court. Specifically, Petitioner relies on three statements made by Attorney Gerson in his "Answer and New Matter To First

2

Amended Complaint": (1) "[Gerson] admits that Morgan McCollum was a former client of [his];" (2) "[i]t is specifically denied that [Sheppard] asked [Gerson] to investigate any involvement with the Tropicana Casino and Hotel;" and (3) "[Gerson] states that he did not represent Morgan McCollum throughout the duration of the case pertaining to her driving under the influence charge." See Answer and New Matter To First Amended Complaint [ECF 192-1], ¶¶ 9, 13 & 19.

In the habeas context, a motion labeled as a Rule 60(b) motion actually constitutes a second or successive petition under 28 U.S.C. § 2255, and should be treated as such, if it "seeks to add a new ground for relief" from the underlying conviction or "attacks the federal court's previous resolution of a claim on the merits." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Conversely, said motion properly is treated as a Rule 60(b) motion when it "attacks, not the substance of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." Id.; see Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004) ("[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."); In re Wagner, 421 F.3d 275, 277 (3d Cir. 2005) (acknowledging that a motion can be labeled as being brought under Rule 60(b)(6), but in substance be a motion under 28 U.S.C. § 2255); United States v. Schmutzler, 2017 WL 930455, *2 (M.D. Pa. Mar. 9, 2017) (citing Gonzales, *supra*, and explaining, "[A] motion under Rule 60(b) will be treated as a 2255 motion if in substance it presents a claim for relief from the criminal judgment. This will happen if the Rule 60(b) motion (1) presents a new claim for relief from the criminal judgment or (2) presents a claim that the court's resolution of a previous claim in section 2255 proceedings attacking the criminal judgment was erroneous.").

3

Thus, the Court's first inquiry must be whether Petitioner's Motion is a second or successive § 2255 motion or a true Rule 60(b) motion. Upon review of his filings, it is clear that Petitioner raises the same arguments he raised in his second, third, and fourth § 2255 motions, which this Court dismissed for lack of jurisdiction as second or successive § 2255 motions; and in that part of his first Rule 60(b) motion wherein he requested that his initial § 2255 motion be reopened, which this Court denied as untimely.[2] Accordingly, the Court holds that Petitioner's Motion is an attack on its resolution of the merits of previous claims, not a challenge to the manner in which the Court denied his earlier habeas motions. Therefore, Petitioner's Motion properly is treated as a successive § 2255 motion and not as a Rule 60(b) motion.

As a successive § 2255 motion, this Court lacks jurisdiction to review Petitioner's Motion unless and until the Court of Appeals for the Third Circuit grants authorization. Accordingly,

---

[2] See also USA v. Jason Sheppard, C.A. No. 16-1063, April 21, 2016 Order, wherein the appellate court addressed Petitioner's appeal from his "motions for relief under Rule 60(b) of the Federal Rules of Civil Procedure from the denial of appellant's initial motion under 28 U.S.C. § 2255":

> In those motions, appellant again claims that: (1) his plea counsel operated under a conflict of interest because he simultaneously represented a Government witness; (2) the prosecutor committed misconduct by prosecuting him and using the witness's information despite knowing of the alleged conflict; and (3) his appellate and collateral-challenge waivers were rendered invalid by James M. Cole's memorandum of October 14, 2014, which appellant contends should permit him to file a new motion under 28 U.S.C. § 2255. Appellant's motions raising these claims constitute unauthorized second or successive § 2255 motions because they seek to advance claims challenging the validity of his conviction and sentence. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). We note that appellant has unsuccessfully sought to raise these claims many times before in both the District Court and this Court. <u>Appellant is cautioned that, if he persists in raising claims that already have been rejected, we may consider imposing sanctions such as a restriction on his ability to file documents with the Court and a monetary penalty</u>.

> Id. at p. 2 (emphasis added).

the Court will dismiss Petitioner's Motion for lack of jurisdiction. Moreover, because jurists of reason would not debate this procedural ruling, a certificate of appealability will not issue.

Alternatively, even if the Court were to conclude that Petitioner's Motion should be treated as a Rule 60(b) motion that can be decided on the merits without Sheppard receiving appellate-court authorization, Petitioner's Motion would be dismissed as untimely. Rule 60(c)(1) states: "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Id. Petitioner's Motion is brought pursuant to Rule 60(b)(2) and (b)(3), it was filed on February 24, 2017, and final judgment was entered in all of Petitioner's earlier § 2255 motions more than one year prior to Sheppard filing the instant motion on February 24, 2017.[3]

---

[3] Specifically, final judgment was entered with respect to Petitioner's first § 2255 motion on March 5, 2014. See ECF 5 in Civ. Action No. 13-1667. On February 5, 2015, the appellate court issued an order denying Petitioner's application for a certificate of appealability with respect to this judgment order "because appellant has not shown that jurists of reason would debate the District Court's decision to enforce the collateral-challenge waiver contained in his Plea Agreement. In particular, and primarily for the reasons adequately explained by the District Court, jurists of reason would not debate whether enforcing the waiver would result in a miscarriage of justice." USA v. Jason Sheppard, C.A. No. 14-1829, February 5, 2015 Order, p. 1 (citations omitted).

Final judgment was entered with respect to Petitioner's second § 2255 motion on September 30, 2014. See Civ. Action No. 14-1305. Petitioner did not appeal this judgment order.

Final judgment was entered with respect to Petitioner's third § 2255 motion on November 14, 2014. See Civ. Action No. 14-1557. Petitioner did not appeal this judgment order.

Final judgment was entered with respect to Petitioner's fourth § 2255 motion on May 7, 2015. See ECF 2 in Civ. Action No. 15-450. On February 12, 2016, the appellate court issued an order denying Petitioner's application for a certificate of appealability and held that "[j]urists of reason would not debate the District Court's dismissal of appellant's fourth motion under 28 U.S.C. § 2255 as an unauthorized second or successive § 2255 motion." USA v. Jason Sheppard, C.A. No. 15-2670, February 12, 2016 Order, p. 1.

Further, even if Petitioner's Motion somehow could be deemed timely-filed under Rule 60(b), the Court would deny the Motion on the merits because, even taking into account Petitioner's "new evidence," the Court continues to hold, as stated in the Memorandum Opinion and Order [ECF 156] issued with respect to Sheppard's motion to reconsider the dismissal of his four § 2255 motions:

> [T]he evidence submitted [by] Defendant does not support the conclusion that Attorney Gerson labored under an actual conflict of interest [that] adversely affected his performance while representing Defendant in this case as would violate his Sixth Amendment rights[; and, even if] AUSA Conway knew about Attorney Gerson's relationship with Ms. McCollum as of March 6, 2010, used McCollum's information to support indicting Defendant for wire fraud, and did not share Gerson's relationship with McCollum with this Court or with Defendant, . . . this conduct does not equate to prosecutorial misconduct [fraud, misrepresentation or any other type of actionable behavior] that would warrant granting Defendant's . . . motion.

See December 23, 2015 Memorandum Opinion and Order, p. 8.

Finally, Petitioner's "Emergency Motion for [a] Detention Hearing" will be denied because a hearing on the merits of Petitioner's Motion is unnecessary.

Consistent with the foregoing, the Court hereby enters the following:

## II.  ORDER

Petitioner's "Emergency Motion to Strike Judgment and Reopen Pursuant to Rule 60(b) of Fed.R.Civ.P." [**ECF 200**] is **DISMISSED** for lack of jurisdiction, and Petitioner's "Emergency Motion for Detention Hearing" [**ECF 198**] is **DENIED**.  IT IS FURTHER ORDERED that a certificate of appealability will not issue because jurists of reason would not debate this procedural ruling.

Petitioner is advised that he has the right to appeal this Memorandum and Order dismissing his Motion for lack of jurisdiction, see 28 U.S.C. § 2253(a), and that the Court's denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  See Fed. R. App. P. 2.

IT IS SO ORDERED.


March 23, 2017                                                             s\Cathy Bissoon
                                                                           Cathy Bissoon
                                                                           United States District Judge

cc (via First-Class, U.S. Mail):

Jason Sheppard
32102-068
FCI Elkton
PO Box 10
Lisbon, OH  44432


cc (via ECF email notification):

All Counsel of Record