# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 10-119 |
| | ) | |
| JASON SHEPPARD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Petitioner Jason Sheppard's "Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2241" [ECF 207] ("Petitioner's 2241-Motion"). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). On the other hand, 28 U.S.C. § 2255 permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

In his 2241-Motion, Petitioner contends that his post-conviction counsel rendered ineffective assistance of counsel, and, therefore, his sentence should be vacated, set aside or corrected. As such, Petitioner's Motion relates to the validity of his federal conviction, not the execution of his sentence, and he may not use Section 2241 "unless a § 2255 motion would be 'inadequate or ineffective,'" that is, "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention

claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (quoting Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)).

Thus, the question before the Court is whether Section 2255's remedy is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), thereby allowing him to utilize Section 2241. It is Petitioner's burden to establish that the remedy under 2255 is inadequate or ineffective, and the remedy is not "inadequate or ineffective" solely because Petitioner cannot meet the stringent requirements of AEDPA. See Reyes-Racine v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)); In re Dorsainvil, 119 F.3d 245 (3d Cir.1997).

Petitioner argues that the remedy under Section 2255 is inadequate or ineffective pursuant to Martinez v. Ryan, 566 U.S. 1 (2012) and Trevino v. Thaler, 133 S. Ct. 1911 (2013). Petitioner's 2241-Motion, p. 2. In Martinez, the Supreme Court held: "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceedings, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 566 U.S. at 17 (emphasis added). In Trevino, the Supreme Court extended its holding in Martinez to cases in which a state's procedural framework, "by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." Trevino, 133 S. Ct. at 1921.

Contrary to Petitioner's contention, the holdings in Martinez and Trevino do not apply here. As explained by the Court of Appeals for the Third Circuit in Jackman v. Shartle: "Trevino and Martinez deal with state prisoners' ability to bring ineffective assistance of counsel

2

claims, despite being procedurally barred. They do not address the ability of federal prisoners to use § 2241 to bring ineffective assistance of counsel claims." Id., 535 Fed. App'x 87, 89 n.5 (3d Cir. Aug. 20, 2013) (emphasis added). As such, Petitioner has not met his burden of establishing that the remedy under Section 2255 is inadequate or ineffective; he may not proceed under Section 2241; this Court does not have jurisdiction; and Petitioner's Motion [**ECF 207**], therefore, is **DISMISSED**.[1]

    IT IS SO ORDERED.


March 23, 2017                                                s\Cathy Bissoon
                                                                              Cathy Bissoon
                                                                              United States District Judge

cc (via First-Class, U.S. Mail):

Jason Sheppard
32102-068
FCI Elkton
PO Box 10
Lisbon, OH 44432


cc (via ECF email notification):

All Counsel of Record

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253, as amended) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner-appeals from the denial of a Section 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), *abrogated on other grounds* by Gonzalez v. Thaler, 132 S. Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).