# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 10-119 |
| | ) | |
| JASON SHEPPARD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Jason Sheppard's "Motion for Judicial Opinion [and] Motion to Appoint Counsel for 28 U.S.C. § 2255" [ECF 204]. Defendant seeks a judicial opinion regarding an in-chambers meeting between Judge Maurice B. Cohill, counsel and probation/pretrial services, held on December 1, 2011.[1] His request for legal representation relates to a claim of ineffective assistance of counsel. Id.

As to Defendant's request for a judicial opinion, he contends: "[d]ue to the fact [that] there remain[] several questions of fraud, misconduct, conflicts of interest and other issues that place the legality of Sheppard's 2010 indictment and subsequent prison sentence very much in doubt, Sheppard deserves to know what was discussed at this secret meeting, and how such affected his defense of the criminal case and his life," and he "needs the information to complete his 28 U.S.C. § 2255 motion." See ECF 204, pp. 1-2.

Given that Judge Cohill no longer is on the bench, the only information available to the undersigned is what is contained in the record. The meeting minutes for Defendant's December 1st, 2011 Court-appearance read as follows:

---

[1] Judge Cohill, who previously presided over Criminal Action No. 10-119, has retired and taken inactive status.

> Meeting held in chambers with counsel and probation/pretrial services officers, off the record. Sentenc[ing] is postponed to a date to be determined after [D]efendant retains counsel. Mr. Gerson's motion to withdraw will [not] be ruled [on] until [D]efendant retains new counsel. If Defendant is unable to retain counsel with[in] one week, the Court will appoint the federal public defender's office to represent him. Defendant is remanded to [the] custody of [the] U.S. Marshal under a Bench warrant issued by the County of Allegheny. Defendant is placed on Pretrial Supervision in case he is released by the County. Conditions of supervision [were] read to [D]efendant in court; a Pretrial Supervision Order will be issued.

ECF 32.

Obviously, a transcript of the in-chambers meeting does not exist, but on the same day, all interested parties appeared in open court, and a transcript of the detailed discussions, then-had, is contained in the record:

> This was the date set for the sentencing of Jason Charles Sheppard. Mr. Sheppard pled guilty pursuant to a plea agreement some time ago, I don't recall the exact date, but then his attorney of record applied to file a petition to withdraw from the case. I did not grant that petition because it's my policy, [-] I think most of this court's policy [-] that we don't grant a petition to withdraw until there has been another attorney who put in his appearance. We didn't have anybody enter their appearance on behalf of Mr. Sheppard[,] and Mr. Gerson is here this morning and has – <u>I don't believe that we can ask him to act as counsel for Mr. Sheppard in view of the fact that he has filed a petition to withdraw, but I did have a meeting in chambers with Mr. Gerson, Mr. Conway, Ms. Banta and Eric from Pretrial Services</u>.
>
> We've also received by fax a petition from the Court of Common Pleas of Allegheny County which is a warrant for the arrest of Mr. Sheppard for failure to appear at a hearing that had been scheduled at the Court of Common Pleas. I have a copy of that warrant which was transmitted to us by – well, Judge Jeffrey Manning is the one who signed the petition.
>
> I also received then from Mr. Sheppard this morning an e-mail in which he asks or states that he has another attorney, Mr. Sughrue, and they've not reached an agreement yet and he's not even met with him yet.
>
> We called Mr. Sughrue's office and they confirmed that [Mr. Sheppard] had been in touch with Mr. Sughrue, but there's been no arrangement with respect to Mr. Sughrue representing him.

ECF 67, December 1, 2011 Transcript, pp. 2-3 (emphasis added). Judge Cohill and Defendant then discussed Defendant's plan for retaining new counsel; Judge Cohill explained to Defendant that he would be taken into custody by the United States Marshals Service, based on the state-court arrest warrant; Judge Cohill placed Defendant under pretrial supervision in the federal case; Judge Cohill explained to Attorney Gerson that he would not be able to withdraw until Defendant had retained new counsel; Attorney Gerson stated on the record that he had explained to Defendant his different options "with regard to how the detention that he[ was] going to start would be classified"; and Gerson stated that, during the "off the record" conference, he had reviewed the letter faxed by Defendant to the Court, and "the letter [wa]s not accurate and [was] misleading as to [his] representation of this gentleman." Id. at pp. 3-10.

Contrary to Defendant's suggestion, Judge Cohill hardly viewed or treated the in-chambers meeting as a "secret." In explaining the purpose of the meeting, in open court, Judge Cohill identified the subject matter as being Mr. Gerson's request to withdraw. Id. at p. 2 ("We didn't have anybody enter their appearance on behalf of Mr. Sheppard[,] and Mr. Gerson is here this morning and has - <u>I don't believe that we can ask him to act as counsel for Mr. Sheppard in view of the fact that he has filed a petition to withdraw</u>, but <u>I did have a meeting in chambers with Mr. Gerson, Mr. Conway, Ms. Banta and Eric from Pretrial Services</u>.") (emphasis added). While best-practices may have dictated that these discussions should have been held in Defendant's presence, given the Court's subsequent on-record explanations, the circumstances presented do not support Defendant's conspiratorial suppositions regarding a "secret meeting."

To place a finer point on it, the Court finds, and therefore holds, that there is absolutely no evidence supporting a reasonable inference that Judge Cohill somehow participated in a

3

conspiracy to conceal the purported conflict-of-interest between prior counsel and Defendant. To be fair, Defendant's filings do not appear to allege as much; but, to the extent that Defendant is flirting with such thoughts or theories, the undersigned finds them both unseemly and completely devoid of factual or legal support.

In the Court's view, the most obvious explanations regarding what transpired on December 1st are the most innocent. Even were the Court to further indulge Defendant's inquiry, however, it would not alter the viability of Defendant's claim. As so often has proven to be the case, this is not the first time Defendant has raised the issue; and, as equally often, he has failed on the merits.

Defendant raised his "secret meeting" theory as early as October 2015, in connection with his first Rule 60(b) Motion. See ECF 146, p. 4. Ultimately, the Court issued a Memorandum Opinion and Order denying Defendant's Motion, see ECF 157; Defendant appealed; and the Court of Appeals for the Third Circuit affirmed. USA v. Sheppard, C.A. 16-1063 (3d Cir. April 21, 2016). The Court's prior ruling regarding the December 1st meeting is the law of this case, and Defendant's request to revisit the matter is denied.

Finally, even placing aside the lack of actionable evidence, and the law-of-the-case prohibition, Defendant's request for a judicial opinion is, for all practical and legal purposes, a "dead letter." As reflected in the decisions issued contemporaneously-herewith, Defendant is lacking a procedural prerequisite to the Court's further consideration of his legal arguments: authorization by the appellate court to consider a second or successive 2255-motion. No matter how Defendant attempts to "dress up" (or disguise) his arguments (*e.g.*, his most recent failed-Rule 60(b) Motion and his 2241-Motion), the law leaves him, and the Court, in the same place.

Absent appellate-certification, Defendant cannot proceed, and nothing he can do or say regarding the December 1st meeting alters this conclusion.

As to Defendant's motion for counsel, the Court finds that Defendant has failed to show that the interests of justice require that counsel be appointed. See 18 U.S.C. §3006A(a)(2). Therefore, Defendant's request is denied.

Consistent with the foregoing, Defendant's Motion [**ECF 204**] is **DENIED**. Given that the Court has by now resolved all of Mr. Sheppard's outstanding Motions, the government is not required to file an omnibus response, and its deadline for doing so is VACATED.

IT IS SO ORDERED.

March 24, 2017
s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via First-Class, U.S. Mail):

Jason Sheppard
32102-068
FCI Elkton
PO Box 10
Lisbon, OH  44432


cc (via ECF email notification):

All Counsel of Record

5