IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 10-119 |
| | ) | |
| JASON SHEPPARD, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant's Motion (Doc. 251) to void or strike judgment pursuant to Rule 60(b) will be denied. First, Defendant has failed to comply with the Court's text-Order dated March 27, 2018 (see Doc. 249). That Order directed, "should Defendant wish to make any further filings in this case, he first must file with the Court a notice of change of address." Id. Defendant has not filed a notice of change of address, and it is clear from his filings, in this case and in Criminal Action No. 13-278, that he no longer resides at FCI-Elkton. Notwithstanding Defendant's participation in the Court's electronic-filing system, a valid address-of-record is a prerequisite to litigating in this District. See generally L. Civ. R. 5.2.B (requiring counsel to provide an address of record) and L. Crim. R. 1 ("[w]here the defendant is proceeding *pro se*, references in these rules to defense counsel shall be taken to include the *pro se* defendant"); see also, e.g., Peterson v. Glunt, 2011 WL 6955812, *2 (W.D. Pa. Dec. 8, 2011) ("federal courts in this Circuit have held that a *pro se* party's failure to notify the Court of his change of address provides an adequate basis for dismissing an action for failure to prosecute") (collecting numerous cases). Another obvious requirement is compliance with Court Orders.

Defendant's Motion also is denied, independently and on the merits, for the same reasons as stated in the Orders dated March 23, 2017 (Doc. 214) and March 8, 2018 (Doc. 238).

Although Defendant now posits that his legal arguments should be revisited under the "actual innocence" standard, his arguments misinterpret the meaning of that phrase. Compare Mot. at 2 (arguing, again, regarding purported conflict(s) of interest between himself and his former counsel) with *Innocence Commissions and the Future of Post-Conviction Review*, 52 Ariz. L. Rev. 1027, 1082 (2010) ("Actual innocence means what it says – [that] the defendant did not commit the crime of which he has been convicted.") (citation to quoted source omitted).

As the Court previously has advised, "nothing has changed in this case since the Court's rulings in the Spring of 2017. . . . While the Court understands Defendant's fervent desire for things to be different, there is no magical language or nomenclature through which he properly may circumvent the . . . prior rulings." Text-Order dated Mar. 13, 2018 (Doc. 244). Defendant no longer is incarcerated,[1] and the Court questions, sincerely and without ill-will, whether his continued pursuit of the present grievances is consistent with his rehabilitative efforts toward creating for himself a new life. While Defendant likely views his efforts as an unflinching pursuit of justice and vindication, the Court must, as it often does in a variety of contexts, urge him to "move on." There is no small cause for concern regarding Defendant's susceptibility to patterns of thought and behavior that, in times of clarity, may be seen as maladaptive and against self-interest. Cf. Sentencing Hr'g Tr. dated Dec. 15, 2016 (Doc. 256 in 13-278) at 30-31 (summarizing how Defendant's "impressive strides toward reinventing [him]self" were self-sabotaged by his efforts to test the boundaries of his electronic-monitoring device, thereby violating the conditions of his supervised release). Both the Court and

---

[1] Cf. Doc. 277 in 13-278 (addressing Defendant's imminent release from Renewal Center to home-confinement).

Defendant's most-recent counsel have echoed concerns regarding his tendency toward being his "own worst enemy," id., and the Court, again, urges both reflection and foresight.

Consistent with the foregoing, Defendant's Motion (**Doc. 251**) is **DENIED**.

IT IS SO ORDERED.


May 1, 2018                                       s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge


cc (via ECF-email notification):

Jason Sheppard (jcsheppard068@gmail.com)


cc (via ECF email notification):

All Counsel of Record